**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-02554-DDD-MDB

MARISA WADE;

      Plaintiff,

v.

WELLPATH LLC;
EMILY BARRON, RN, in her individual capacity;

      Defendants.

---

**RESPONSE TO MOTIONS TO WITHDRAW (ECF NOS. 87 AND 88)**

---

      Plaintiff, by and through undersigned counsel, respectfully submits this Response to Brenda McClearn (ECF No. 87) and Katherine Dandy's (ECF No. 88) Motions to Withdraw as Counsel for Defendant Wellpath LLC and Individual Defendant Emily Barron, RN (hereinafter "Motions to Withdraw"). In support thereof, Plaintiff states as follows:

      1.     The Motions to Withdraw fail to comply with District of Colorado Local Civil Rule 5(b), which requires that any motion to withdraw must be served on the client of the withdrawing attorney. D.C.COLO.LCivR 5(b). The rule further provides:

> **Notice to the client of the attorney shall include the warning that the client is personally responsible for complying with all court orders and time limitations established by applicable statutes and rules**. Where the client of the withdrawing attorney is a corporation, partnership, or other legal entity, the notice shall state that such entity may not appear without counsel admitted to the bar of this court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity.

*Id.* (emphasis added).

1

2.      Here, the motions do not demonstrate that Hall Booth Smith, P.C. gave sufficient notice to Defendants Barron and Wellpath, as required.

3.      With respect to Ms. Barron, the motions are devoid of any information as to (1) the method of service used to notify Ms. Barron of the motion; (2) the date on which such notice was provided; and (3) whether the notice included clear instructions regarding the Ms. Barron's ongoing obligations and potential consequences of being unrepresented. These omissions are particularly concerning given that Ms. Barron may be personally liable for the claims against her in light of Wellpath's bankruptcy.

4.      Undersigned counsel emailed Ms. Dandy and Ms. McClearn to gain clarity on whether Wellpath would hire new counsel but has not received a response.

5.      Because the motion fails to comply with the procedural requirements of D.C.COLO.LCivR 5(b), including failure to give sufficient notice and details to defendants, Plaintiff respectfully requests that the Court deny the motion.


Respectfully submitted this 19th day of  May, 2025.

RATHOD | MOHAMEDBHAI LLC

*s/ Ciara M. Anderson*
Ciara M. Anderson
Matthew J. Cron
2701 Lawrence St., Suite 100
Denver, CO 80205
(303) 578-4400
mc@rmlawyers.com
ca@rmlawyers.com

*Attorneys for Plaintiff*
